## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LINNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LORIENT PET SERVICES, LLC; | ) |
| VET'S BEST FRIEND, LLC; | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Margaret Linnell complains against Defendants Lorient Pet Services, LLC, and Vet's Best Friend, LLC, as follows:

## PARTIES

1.     Plaintiff Margaret Linnell, DVM resides in Cape Elizabeth, Maine.

2.     Defendant Lorient Pet Services, LLC ("Defendant" or "LPS") is a Delaware limited liability company, with headquarters in Waltham, Massachusetts, and is licensed to do business in the State of Maine at all times relevant hereto.

3.     Defendant Vet's Best Friend, LLC ("Defendant" or "VBF") is a Delaware limited liability company, with headquarters in Waltham, Massachusetts, and was licensed to do business in the State of Maine at all times relevant hereto.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

1

5.     Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine. Under Local Rule 3(b), this action is properly filed in Bangor because the events at issue occurred in Kennebec County.

6.     With respect to Plaintiff's claims under the Maine Human Rights Act ("MHRA") and Americans with Disabilities Act ("ADA"), Plaintiff has exhausted all administrative remedies and otherwise met all conditions precedent before commencing suit, including obtaining a "Notice of Right to Sue" from Maine Human Rights Commission.

## JURY TRIAL DEMAND

7.     Plaintiff demands trial by jury on all issues triable to a jury.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a doctor of veterinary medicine, licensed to practice veterinary medicine in the State of Maine.

9.     Plaintiff is a qualified individual with a disability; in active long-term recovery from narcotic and alcohol addiction since 2009.

10.     On May 5, 2022, Plaintiff accepted a position as a veterinarian at Lakeside Veterinary Clinic ("LVC") in Oakland, Maine.

11.     At the time, LVC was owned and operated by Lorient Pet Services, LLC and Vet's Best Friend, LLC (collectively, "Defendants").

12.     Plaintiff agreed to and executed an 18-month contract for employment with LPS and VBF.

13.   During Plaintiff's first job interview, she disclosed that she was in long-term recovery from narcotic and alcohol addiction.

14.   Plaintiff disclosed that she did not have a DEA registration, nor would she obtain one.

15.   This meant that Plaintiff did not prescribe or handle controlled substances, and that another doctor would have to perform those tasks.

16.   Separately, Plaintiff disclosed her disability and her controlled substances restrictions to Dr. Sebean, another veterinarian at LVC who was involved in Plaintiff's hire.

17.   Defendants assured Plaintiff that her controlled substances limitations would not be a problem.

18.   Plaintiff began working at LVC on May 23, 2022.

19.   During Plaintiff's first few weeks of employment, her co-workers were withdrawn and hostile toward her.

20.   Although Dr. Vigue told Plaintiff that he "respected the fact that [she is] in recovery, he and the other doctors assigned Plaintiff few patients.

21.   On June 3, 2022, Plaintiff took a long-planned vacation.

22.   While on vacation, a LPS/VBF representative contacted Plaintiff and instructed her to attend a meeting with Defendants' chief veterinarian and an HR representative.  They did not disclose the subject of the meeting.

23.   Plaintiff attended the meeting on June 15, 2022.

24.     During the meeting, the chief veterinarian accused Plaintiff of refusing to participate in a marketing campaign, and not disclosing that her DEA registration had been "revoked."

25.     Neither accusation was true: (a) Plaintiff had not refused to participate in any marketing campaign; and (b) Plaintiff's DEA registration had never been revoked – Plaintiff voluntarily surrendered it in 2009.

26.     Moreover, Plaintiff disclosed that she did not have a DEA registration to several of Defendants' agents during her interviews, and throughout her onboarding process.

27.     After the meeting, Defendants terminated Plaintiff's employment.

28.     After Plaintiff's termination, she obtained a copy of her personnel file from Defendants.

29.     Therein, she discovered that seven of her co-workers and colleagues at LVC – including, Drs. Morin and Vigue – wrote letters to LPS/VBF demanding that they terminate Plaintiff's employment based on her disability status.

30.     The letters focused on the erroneous and malicious assumption that Plaintiff could not be trusted due to her disability, and was a "liability." The letters also contained false and offensive allegations about Plaintiff's conduct at work.

31.     Defendant never confronted Plaintiff with the existence or substance of the letters, and gave her no opportunity to rebut the allegations made against her.

32.     Relying only on these discriminatory letters, Defendant terminated Plaintiff's employment on June 15, 2022.

**COUNT I**
**Disability Discrimination – Disparate Treatment**
**(MHRA and ADA)**

33.     Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-32 of this Complaint.

34.     Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without accommodations.

35.     As set forth above, Defendants discriminated against Plaintiff with respect to the terms, conditions or privileges of her employment based on her disability, or, alternatively, on Defendants' perception that Plaintiff was disabled; treated Plaintiff differently than other employees who were not disabled; subjected Plaintiff to intolerable working conditions; denied without justification Plaintiff's requests for reasonable accommodations; and terminated Plaintiff's employment because of her disability.

36.     As a direct and proximate result of Defendants' actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

A.  Reinstatement, or front pay in lieu of reinstatement;
B.  Back pay from June 15, 2022, with prejudgment interest;
C.  Compensatory damages;
D.  Punitive damages;
E.  An award of reasonable attorney's fees and all costs; and
F.  All other damages to which Plaintiff may be entitled.


## COUNT II
### Breach of Contract

37.    Plaintiff hereby repeats, realleges, and incorporates by reference the foregoing paragraphs 1-36 of this Complaint.

38.    On or about May 5, 2022, Plaintiff and Defendants entered into a written Employment Agreement for a term of 18 months.

39.    Plaintiff performed all of the conditions, covenants, and promises on her part to be performed in accordance with the terms and conditions of the Agreement.

40.    Defendant breached the agreement, without notice, by terminating her employment for false and discriminatory reasons.

WHEREFORE, Plaintiff prays for judgment and for an award of damages in the amount of $173,300 – the value she expected to receive had Defendant not breached the Agreement.


Dated: June 6, 2024                    Respectfully Submitted,

                                       /s/ Andrew P. Cotter
                                       Andrew P. Cotter

                                       /s/ James A. Clifford
                                       James A. Clifford

CLIFFORD & CLIFFORD, LLC
10 Moulton Street, 5th Floor
Portland, ME 04101
(207) 613-9465
andrew@cliffordclifford.com
james@cliffordclifford.com